**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dilshan Fernando, | No. CV-20-01488-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Jeffrey Dann, et al., | |
| Defendants. | |

Before the Court is the United States' motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction, (Doc. 8), to which Plaintiff has failed to respond. Pursuant to LRCiv 7.2(i), the Court may deem non-response to a motion to be consent to its granting, enabling the Court to dispose of the motion summarily. Nevertheless, the Court has independently considered the motion's merits, finds that it is well-taken, and will grant it.

On June 19, 2019, Plaintiff filed his complaint in Maricopa County Superior Court against Jeffrey Dann, M.D., Adelante Healthcare, Inc. ("Adelante"), and several unidentified defendants, alleging tort claims that seek monetary damages for medical negligence and wrongful death arising out of the death of his father. (Doc. 1-3.) Determining that Dr. Dann and Adelante were employees of the Public Health Service acting within the scope of their employment during the relevant period, on July 27, 2020, the United States removed this action pursuant to 42 U.S.C. § 233(c) and substituted itself

1  for its employees.  (Docs. 1, 5.)  On July 29, 2020, the United States moved to dismiss,

2  arguing that the Court lacks subject matter jurisdiction because Plaintiff has failed to

3  exhaust his administrative remedies as required under the Federal Tort Claims Act

4  ("FTCA").   The matter is now ripe.

5  "The Federal Tort Claims Act is a limited waiver of sovereign immunity, making

6  the Federal Government liable to the same extent as a private party for certain torts of

7  federal employees acting within the scope of their employment." *United States v. Orleans*,

8  425 U.S. 807, 813 (1976).   Under the FTCA, a plaintiff must exhaust administrative

9  remedies by first presenting his or her claim as an administrative claim to the appropriate

10  federal agency.  *See* 28 U.S.C. § 2675(a).  Specifically,

11
12
13
14
15

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act of omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

16  *Id.*  Here, Plaintiff does not assert that he presented his claims to the appropriate federal

17  agency, the Department of Health and Human Services ("DHHS"), prior to filing his

18  lawsuit.  To the contrary, a representative of DHHS has confirmed by affidavit that DHHS

19  has no record indicating that Plaintiff ever presented an administrative tort claim in this

20  matter.   (Doc. 8-2 at 2-3.)   Because Plaintiff has failed to exhaust his administrative

21  remedies as required, the Court lacks jurisdiction and dismissal is appropriate.

22  **IT IS ORDERED** that the United States' motion to dismiss (Doc. 8) is **GRANTED**.

23  Plaintiff's complaint is dismissed.  The Clerk of Court is directed to terminate this case.

24  Dated this 25th day of September, 2020.

25

26

27  Douglas L. Rayes
    United States District Judge

28

- 2 -